IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACY LASHUN HARRISON, <br> #221 426 <br> <br> Petitioner, <br> <br> v. <br> <br> THE STATE OF ALABAMA, *et al.,* <br> <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.:  2:12-CV-778-WHA <br> )                          [WO] <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Stacy Harrison on September 6, 2012.[1]  In this petition, Petitioner challenges the validity of his parole revocation in September 2009 by the Circuit Court for Montgomery County, Alabama.[2]  Petitioner requests that his parole be reinstated.

---

[1] The present petition was stamped "filed" in this court on September 10, 2012. Petitioner, however, signed the petition on September 6, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Harrison] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers September 6, 2012 as the date of filing.

[2] Although Petitioner's current incarceration resulted from an administrative proceeding of the Alabama Board of Pardons and Paroles and not a court, he is considered "in custody pursuant to the judgment of a State court," and is, therefore, subject to 28 U.S.C. § 2254 and its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004) (applying one-year period of limitation found in 28 U.S.C. § 2244(d) to federal habeas petition filed by state prisoner incarcerated upon revocation of his parole who sought to challenge his waiver of parole revocation hearing) (*citing Medberry v. Crosby*, 351 F.3d 1049 (11th Cir .2003)); *see also Dill v. Holt*, 371 F.3d 1301 (11th Cir.2004) (holding that state prisoner who challenged legality of revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 was "in custody pursuant to the judgment of a State court" within the meaning of the habeas statute applicable to prisoners in such custody, even though his current incarceration resulted from an administrative proceeding of a state parole board, an executive branch agency, instead of a court; thus, § 2254 and its attendant restrictions applied, including the exhaustion requirement); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir.2004) (reiterating the holding in *Medberry* and applying it to a petitioner in custody

## II. PROCEDURAL HISTORY

Petitioner was paroled on June 20, 2007. On March 21, 2009, he was arrested on a charge of unlawful possession of a firearm. Petitioner's parole officer issued a report of parole violation on March 30, 2009. A parole revocation hearing was held on August 6, 2009. At the parole revocation hearing, the hearing officer determined that sufficient evidence was presented to support a finding that Petitioner had violated his parole by possessing a firearm. The hearing officer recommended that Petitioner's parole be revoked. Based upon these findings, the Alabama Board of Pardons and Parole ["the Board"] revoked Petitioner's parole on September 21, 2009. *Doc. No. 13, Exh. A*.

On September 10, 2010, Petitioner filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, challenging the revocation of his parole. That petition remained pending until September 9, 2011 when the Alabama Supreme Court denied Petitioner's petition for writ of certiorari. The Alabama Court of Criminal Appeals entered a certificate of judgment the same day. *Doc. No. 13, Exhs. B-L*.

Petitioner presents the following issues in the instant petition:

1. He was denied due process when his parole was revoked because he was not afforded the opportunity to be present at his revocation hearing;

2. He did not receive notice of the hearing prior to his parole being revoked;

3. The Board of Pardons and Parole used false information to revoke his parole;

---

pursuant to a state court judgment who challenged a decision of the Florida Parole Commission).

4. The U.S. Constitution and § 15-22-32, Ala. Code 1975, require a preliminary revocation hearing and a final revocation hearing, which is the minimum due process described in *Morrissey v. Brewer*, 408 U.S. 471 (1972);[3] and

5. The Board of Pardons and Parole's Motion for Summary Judgment should not have been granted because Petitioner had filed interrogatories not answered prior to summary judgment being entered in favor of the Board.

*Doc. No. 1.*

Pursuant to the orders of this court, Respondents filed an answer and supplemental answers. *Doc. Nos. 13, 17, 19.* Petitioner was afforded an opportunity to respond to Respondents' submissions including an opportunity to show cause why his petition should not be barred from review by this court for his failure to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *See Doc. No. 14.* Petitioner

---

[3] In asserting that the *Morrissey v. Brewer*, 408 U.S. 471 (1972), requirements were not followed in his case, Petitioner mistakenly characterizes the parole-court revocation hearing before the hearing officer as a preliminary hearing and claims that he was not afforded a "final" revocation hearing as contemplated by *Morrissey*. In *Morrissey*, the Supreme Court held that a parolee is entitled to two hearings: a preliminary hearing at the time of arrest and detention, to determine whether probable cause exists to believe that the parolee has committed a parole violation, and a more comprehensive hearing prior to making the final revocation decision. 408 U.S. at 485-89. However, the Court in *Morrissey* cautioned that it did not intend to lay down a rigid structure for parole revocation procedures: "[D]ue process is flexible and calls for such procedural protections as the particular situation demands.... [N]ot all situations calling for procedural safeguards call for the same kind of procedure." 408 U.S. at 481. Courts applying *Morrissey* have recognized that its holding does not mandate two hearings and that consolidating the preliminary and final revocation hearings into a single proceeding is constitutionally permissible, so long as the matter is heard promptly within a reasonable time after the parolee's arrest or a neutral tribunal has found probable cause that the parolee has violated a condition of parole. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1423-24 (D.C. Cir. 1996) ); *Pierre v. Washington State Bd. of Prison Terms and Paroles*, 699 F.2d 471, 473 (9th Cir. 1983). *See also Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1976); *Sneed v. Donahue*, 993 F.3d 1239, 1241 (6th Cir. 1993); *Doyle v. Elsea*, 658 F.2d 512, 516 (7th Cir. 1981) (holding that a parolee's right to a preliminary hearing is vitiated where the parolee has been arrested for a crime committed while on parole, even though not convicted). Section 15-22-32, Ala. Code 1975, provides for only one parole revocation hearing. That statute authorizes the Board to designate a hearing officer to hear evidence and determine whether a parolee is guilty of a parole violation and then recommend to the Board whether parole should be revoked. Thus, under Alabama's statutory scheme, the hearing officer performs as the "neutral and detached" hearing body and factfinder contemplated *by Morrisey*.

took advantage of the opportunity to respond. *Doc. Nos. 15, 21.* After due consideration and upon review of the petition, the pleadings, and the record, the court concludes that Petitioner's petition should be denied because it was not filed within the applicable limitation period. *See* 28 U.S.C. § 2244(d)(1).

### III.  DISCUSSION

*A.  The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed under 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On September 21, 2009, the Alabama Board of Pardons and Paroles issued notice of its decision revoking Petitioner's parole. At that time Petitioner should have known of the factual

predicate of his claims. Thus, the limitation period must be measured from the date on which Petitioner's parole was revoked.  See 28 U.S.C. § 2244(d)(1).  Petitioner's one-year limitation period under § 2244(d)(1)(A) began to run on September 21, 2009.

    *i. Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." As indicated above, Petitioner's one-year limitation period under § 2244(d)(1) began to run on September 21, 2009. When Petitioner sought review of his parole revocation by filing a petition for writ of certiorari in the Circuit Court of Montgomery County on February 10, 2010, the limitation period had run for 142 days.[4] That petition remained pending in the state courts until September 9, 2011, when the Alabama Court of Criminal Appeals issued a certificate of judgment from the denial of Petitioner's petition for writ of certiorari.  At such time, Petitioner had 223 days remaining within which to file a timely federal habeas petition.  Thus, the court finds that the limitation period for Petitioner to file a timely federal habeas petition expired on April 21, 2012 – *i.e.*, 223 days after September 9, 2011.

    *ii. Equitable Tolling*

---

[4] Giving Petitioner every benefit, the court concludes that February 10, 2010, is the earliest date on which he could have submitted his petition for writ of certiorari to prison officials for mailing. A *pro se* inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271–72; *Adams*, 173 F.3d at 1340–41; *Garvey*, 993 F.2d at 780. "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala.2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App.1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.") Consequently, the mailbox rule applies to *pro se* petitions for writ of certiorari filed in the state courts of Alabama and the court concludes that February 10, 2010, is therefore the appropriate date of filing of Petitioner's writ of certiorari petition.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286

(11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

The court granted Petitioner an opportunity to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d). *See Doc. No. 14*. In his response to this order, Petitioner states he had no knowledge that his parole had been revoked by the Board until February 2010 when he spoke to classification personnel with the Alabama Department of Corrections because the Board failed to serve him with notice of its action to revoke his parole dated September 21, 2009. *Doc. No. 15*. Petitioner maintains that he was in federal custody at the Cullman County Jail in Cullman, Alabama, at the time the Board issued the notice of parole revocation and was then subsequently transferred to the Jefferson County Jail on November 18, 2009. *Id.* On January 26, 2010, Petitioner was transferred to the Kilby Correctional Facility under the custody of the Alabama Department of Corrections.[5] *Id.*  At the "beginning" of February 2010 Petitioner states classification personnel informed him that his parole had been revoked. *Id.* Petitioner indicates he then filed his petition for writ of certiorari in the Circuit Court for Montgomery County. *Id.*

Even if the court allows equitable tolling of the limitation period until Petitioner claims he received notice of the Board's action to revoke his parole, the limitation period expired prior to him filing the instant habeas petition. Petitioner claims he only learned that the Board revoked his parole at the "beginning" of February 2010. *Doc. No. 15*. The evidence reflects that

---

[5] Respondents indicate that administrative personnel with the Board process revocation orders once a parolee's parole has been revoked by the Board which entails sending the parole revocation order to the Alabama Department of Corrections for distribution to the inmate at his current place of custody. This was done in Petitioner's case. *Doc. No. 19, Exh. A*. Because Petitioner maintains he was in federal custody at the time the Board issued its notice of parole revocation, it is not clear from the evidence if the Alabama Department of Corrections would have the requisite custodial information.

on February 1, 2010, Petitioner signed an institutional classification document stating he was a revoked parolee serving a twenty year sentence and that his parole had been revoked for new offenses. *See Doc. No. 13, Exh. A* at 70, *Doc. No. 15, Exh. C; Doc. No. 19, Exh. A; Doc. No. 21, Exh. E.* Allowing Petitioner the benefit of equitable tolling, the limitation period began to run on this date. When Petitioner filed his petition for writ of certiorari with the Circuit Court for Montgomery County on February 10, 2010, nine days of the limitation period had run. Petitioner's certiorari petition remained pending in the state courts until September 9, 2011, when the Alabama Court of Criminal Appeals issued a certificate of judgment from the Alabama Supreme Court's denial of his request for certiorari review. *Doc. No. 13, Exhs. B-L.* As of that date, Petitioner had 356 days of the limitation period remaining, or until September 1, 2012, within which to file a timely federal habeas petition. Petitioner filed his habeas corpus petition with this court six (6) days later on September 6, 2012. He fails to set forth the existence of any extraordinary circumstance that prevented him from timely filing the present habeas petition following the conclusion of the state court proceedings on his petition for writ of certiorari.

Under these circumstances, the federal period of limitation expired prior to Petitioner's filing of this habeas petition on September 6, 2012. Even allowing equitable tolling until February 1, 2010, when Petitioner states he received notice that the Board had revoked his parole, he filed this federal habeas petition after the limitation period had expired.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Stacy Harrison be DENIED as it was not filed within the period of limitation established by applicable federal law; and

2. This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before September 15, 2015**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 31st day of August 2015.

/s/Terry .F Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE